IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TRAVIS McLEMORE,

    Plaintiff,

vs.                                                 AP No. 22−80195−CRJ

V.I.P. RENTALS, LLC

    Defendant.

**DEFENDANT V.I.P. RENTALS, LLC'S SUPPLEMENT TO PLAINTIFF'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND LIMITED OBJECTION BASED ON WHETHER THE COURT HAS CONTINUED JURISDICTION OVER THE ABOVE ADVERSARY PROCEEDING COMPLAINT**

COMES now, Defendant V.I.P. Rentals, LLC by and through their counsel of record, Seth B. Thompson and state as follows:

**DEFENDANT'S SUPPLEMENT TO PLAINTIFF'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

1. The member owners of V.I.P. Rentals, LLC are Clinton Yoder and Conrad Chavarria. The undersigned attorney has met and discussed the conduct that led to Plaintiff's Adversary Proceeding. The members of V.I.P. Rentals agreed to refer any notice of a bankruptcy filing to the undersigned attorney and cease any and all collection activity upon filing of a Chapter 13 Petition and receiving notice of the filing of the Petition. Therefore, the chances of reoccurrence of the same type of behavior that led to the complaint

have been remedied.

## DEFENDANT'S LIMITED OBJECTION TO MOTION TO APPROVE COMPROMISE AND SETTLEMENT

2. On July 14, 2022 the above parties reported to the Court that the above matter had been settled. At the time of agreeing to settlement Plaintiff's attorney assured the undersigned attorney that the pending Trustee's Motion to Dismiss would be resolved in the Debtor's favor.

3. On August 15, 2022 the Court entered an Order dismissing the Plaintiff/Debtor's Chapter 13 Petition. The Order was effective as of August 23, 2022 unless the Plaintiff/Debtor converted to a Chapter 7 case. Upon knowledge, information, and belief the Debtor has not filed a subsequent Chapter 13 petition.

4. On September 13, 2022, prior to Plaintiff's attorney filing the Motion to Approve Compromise and Settlement the Defendant's attorney discussed the jurisdictional issue with the Plaintiff's attorney. However, no satisfactory resolution of the jurisdictional issue was reached.

5. Defendant has complied with all the terms of the settlement agreement. The undersigned attorney is holding $5,000.00 in settlement funds in Trust pending Court approval. If the Court approves the settlement and overrules the limited objection raised by the Defendant as to the Court's

continuing jurisdiction over the above adversary proceeding the Defendant shall pay the settlement funds to Plaintiff's attorney.

6. Defendant's limited objection is based on whether the Bankruptcy Court retains jurisdiction over an adversary proceeding following the dismissal of the Chapter 13 Petition.

7. *In re Morris* considered the following issue:

> We find the reasoning of the courts which have previously considered the threshold issue presented by this case to be persuasive and conclude that the dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement. The decision whether to retain jurisdiction over the adversary proceeding should be left to the sound discretion of the bankruptcy court or the district court, depending upon where the adversary proceeding is pending.
> 950 F.2d 1531, 1534(11th Cir. 1992).

8. "Those courts which have examined the circumstances under which discretionary jurisdiction of an adversary proceeding should be exercised have utilized the following factors in determining whether jurisdiction should be retained: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Id*. at 1535

9. *In re Johnson*, 575 F. 3d 1079 (10th Cir. 2009) recognized the following:

> District courts have jurisdiction to hear "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In turn, 28 U.S.C. § 157(a) allows the district courts to refer such matters to the bankruptcy courts. "Bankruptcy judges may hear and

determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 ... and may enter appropriate orders and judgments, subject to review" by the district court or the bankruptcy appellate panel. *Id.* § 157(b)(1). In addition, "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," in which situations the bankruptcy court submits proposed findings of fact and conclusions of law to assist the district court to make a final decision. *Id.* § 157(c)(1). Some types of core proceedings are listed in 28 U.S.C. § 157(b)(2), but the list is not exclusive. In general, "[c]ore proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence, and which could proceed in another court are not core proceedings." *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir.1990) (per curiam) (citation omitted).

10. Defendant acknowledges and agrees that the Plaintiff's Adversary Proceeding is a core proceeding.

## RELIEF REQUESTED

11. Defendant requests at the October 26, 2022 hearing on Motion to Approve Compromise that the Court hear and consider and issue a ruling upon the Limited Objection raised by the Defendant and consider the Supplement filed by the Defendant.

**RESPECTFULLY SUBMITTED**,

s/ Seth B. Thompson_____
Seth B. Thompson, Attorney for Defendant
V.I.P. Rentals, LLC

Of Counsel:

The Thompson Law Firm, LLC

1701 Main Ave. SW, Suite 5
Cullman, Alabama 35055
Phone: 256.734.4591
Fax: 866.826.4785
Email: seththompson@thompsonattorneys.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served via Electronic Case Filing on the following persons this the 14th day of September 2022.

Mr. John C. Larsen
Larsen Law PC
1733 Winchester Road
Huntsville, AL 35811

Ms. Michele T. Hatcher
Chapter 13 Trustee
P.O. Box 2388
Decatur, Alabama 35602

                                                s/ Seth B. Thompson
                                                Of Counsel